FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEEGAN BENCH, LINDSEY BENCH, JOHN DOE 1 as legal guardian of L.B., a minor, and JOHN DOE 2 as legal guardian of M.B., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **Case No. 2:25-cv-00339-ACE**<br><br>**PROTECTIVE ORDER (STIPULATED) RE: DISCLOSURE OF NON-PARTIES' PRIVATE and/or SENSITIVE PERSONAL IDENTIFICATION & PERSONAL INFORMATION** |

Pursuant to 5 U.S.C. § 552a(b)(11) (Privacy Act) and Rule 26(c) of the Federal Rules of Civil Procedure, the Court, upon motion of a party and upon good cause shown, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The Rule permits a court to order that "that the disclosure or discovery may be had only on specified terms and conditions." Fed. R. Civ. P. 26(c)(2).

The United States requests this stipulated Protective Order pursuant to 5 U.S.C. § 552a(b)(11) (Privacy Act) and Rule 26(c) to allow and provide for the disclosure of sensitive personally identifying information (PII) of federal employees and/or other third-party individuals which is contained in certain U.S. Postal Service and/or other federal retained documents, records and databases, and which records

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 1

and materials may be subject to discovery under Fed. R. Civ. P. 26(a), et seq., or other potential applicable discovery mechanisms provided for under the Fed. R. Civ. Pro. The United States also seeks this protective order under Rule 26(c)(1)(B) for the purpose of adequately protecting the disclosure(s) of sensitive PII and/or other personal / personnel information of U.S. Postal Service employees or contractors with the U.S. Postal Service or other non-party individuals, whose PII / confidential / sensitive information is entitled to be protected and kept confidential, and therefore this order is needed to ensure that protection is afforded to these non-parties / third parties under the Privacy Act and Rule 26(c). *See Travis v. Fluor Hanford, Inc.,* 2007 WL 1074890, *1 (E.D. WA April 5, 2007); *Gautheir v. Hoye*, 52 Fed. Appx. 28, 29 (9th Cir. 2002).

The law has long recognized that *the Courts (federal and state),* are authorized to reasonably control - limit how parties get access to certain case-related information and may restrict the use of these judicially compelled disclosures. *E.I. DuPont De Nemours Powder Co. v. Masland*, 244 U.S. 100, 103 (1917) ("It will be understood that if, in the opinion of the trial judge, it is or should become necessary to reveal the secrets to others, it will rest in the judge's discretion to determine whether, to whom, and under what precautions, the revelation should be made."); *see also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2043, at 566 (2d ed.) (listing examples of protective orders "limiting the persons who are to have access to the information disclosed and the use [they] may put the information"); *U.S. Dept. of Justice v. Reporters Com. for Freedom of Press,* 489 U.S. 749, 769 (1989) (recognizing employees' privacy interest in keeping personal facts away from public eye).

The Ninth Circuit and its District Courts have long recognized significant privacy concerns for third parties who are not named in the case. "Federal Courts ordinarily recognize a constitutionally based right of privacy that can be raised in

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 2

response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (citing *Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976)). This Court has significant discretion in granting a protective order to prevent a third party from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c); *Gautheir v. Hoye*, 52 Fed. Appx. 28, 29 (9th Cir. 2002). Here, nonparty postal employees and/or contractors may be subject to annoyance and embarrassment if their sensitive PII and/or related personal or personnel information were to be openly or publicly revealed and then widely disseminated. *See Travis v. Fluor Hanford, Inc.,* 2007 WL 1074890, *1 (E.D. WA April 5, 2007) (granting protective order preventing - limiting production of confidential personnel / personal information regarding employees who were not a party to action).

The United States (USPS) asserts that absent a protective order, a violation of a non-party's privacy and/or sensitive personal interests and/or their interests under the Privacy Act, which protects the privacy interests of federal employees and others, could subject the disclosing agency, sub-agency, entity and/or sub-entity to potential civil liability under 5 U.S.C. § 552a(g).

Since the Privacy Act's protective interests of third parties' interest in federal databases is likely to be implicated here and because the subject requested discovery information sought under Fed. R. Civ. P. 26 is likely to contain PII and/or sensitive personal or personnel records of non-party federal employes or other private individuals, which information may be restricted or prohibited from disclosure under the Privacy Act and/or other privacy statutes, regulations, laws, governmental privileges and/or the court rules, *absent a waiver from each individual employee or official*. Therefore, without determining the point, the parties stipulate to the resolution of these sensitive personal information issues through the entry of a stipulated Protective Order.

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 3

For purposes of this Order, "Protected PII" means nonparties' addresses, phone numbers, and/or email addresses. The United States requests and Plaintiffs stipulate that the Protected PII may be marked *confidential* and be restricted and used only for the purposes of this litigation. *See e.g., May v. Fedex Freight Southeast, Inc.*, 2009 WL 1605211, *3 (M.D. La June 8, 2009) (rejecting proposed protective order deeming *all* nonparty personnel documents with PII "confidential"). Accordingly,  in the shared interest of expediting the flow of Rule 26 and other discovery material, and to help facilitate the prompt resolution of disputes over protected, sensitive, private and/or confidential information – records – ESI, and pursuant to the court's authority under Fed. R. Civ. P. 26(c) and the Privacy Act, and with the showing of the United States, the following Protective Order will apply to the treatment - handling of all PII / Privacy Act protected information involving all current or past non-party employees and/or agents or contractors, as designated by the Defendant, the Court HEREBY ORDERS:

1.      Pursuant to 5 U.S.C. § 552a(b)(11), and subject to the conditions described below, Defendant is authorized to release to Plaintiff's counsel certain government information and/or records containing what Defendant asserts is or may be subject to the protections of the Privacy Act and/or are sensitive personal – identifiable information ("Protected PII") of past and present non-party government employees, officials, contractors and/or other individuals. Without determining the issue, Defendant may disclose the information contained within the government's or its deemed agency's database files and records to Plaintiff without having to obtain prior written consent of each of the non-party individuals to whom the records identify and/or pertain, and such authorized disclosure(s) is deemed by this Court to not violate the Privacy Act;

2.      Pursuant to Fed. R. Civ. P. 26(c)(1)(B), Defendant may disclose documents and information to Plaintiff that may be protected from disclosure by an

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 4

investigative official and/or a law enforcement agent or officer, without waiving privileges outside of this litigation and/or to third parties;

3. The parties shall take reasonable and diligent steps to protect the privacy interests of the subject third-party individuals referenced within the disclosed discovery materials by not copying or disseminating Protected PII contained in any records marked "Confidential" as provided by the Defendant United States, except as otherwise provided in this Order or as otherwise permitted by the Court (i.e., for discovery - expert purposes only).

4. The PII shall be used by the parties only for purposes of litigating this case, including any subsequent appeals. All persons receiving the Protected PII subject to this Protective Order shall not use such Protected PII for any other purpose.

5. At the conclusion of this litigation, including any subsequent appeals, the parties' counsel will retrieve all copies of the Protected PII they have provided to staff and/or experts, and will destroy them or return them to the U.S. Attorney's Office for the Eastern District of Washington (USAO – EDWA), in care of the assigned Assistant U.S. Attorney or her/his designee, except that counsel of record shall be entitled to keep one copy, as required by their retention policy and malpractice insurance, which copy will be marked and maintain in confidentiality, and will not be used for any other purpose. Upon request of the U.S. Attorney's designee, Plaintiff's counsel shall notify the U.S. Attorney's designee in writing that such destruction – retention has been performed and is completed.

6. If the parties intend to file documents containing Protected PII in the Court file, or plan to use the disclosures as exhibits at depositions, they shall take reasonable steps to limit and protect the privacy of the identified individual through redaction or other means of suppressing PII. Defendant respectfully asserts this process is required by the U.S. District Court Eastern District of Washington, ECF

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 5

Administrative Procedures, § VI(C), Privacy Concerns (May 6, 2015) and Rule 5.2 of the Federal Rules of Civil Procedure. Unless redacted or otherwise stipulated, both parties shall protect the "Confidential" marked information by filing such documents under seal.

7.     This Order shall continue in effect after the conclusion of the proceedings. Any modification or vacating of this Order shall only be made upon notice to and opportunity to be heard by the parties.

8.     Defendant and its officers, employees and attorneys, shall not bear any responsibility or liability for any unauthorized disclosure(s) of any documents obtained by Plaintiffs and/or their counsel, any co-defendants and/or their counsel, under this Protective Order, or of any information contained in such documents. Plaintiff shall not bear any responsibility or liability for any unauthorized disclosure(s) of any documents obtained – provided by Defendant under this Protective Order, or of any information contained in such disclosure - documents.

9.     Counsel disclosing confidential information to any person or entity shall be responsible for limiting distribution of the *confidential* designated information to those people who both: (1) have a need to know the information; and (2) are authorized to receive the information under this Protective Order. Counsel shall be prepared to account for the use and disposition of information under this Protective Order.

10.     All Protected PII disclosed to any person under this Protective Order shall remain in the possession of only the attorneys, experts, or consultants to whom they are disclosed pursuant to this Protective Order.

11.     Documents and materials containing Protected PII, as designated by the Government pursuant to this Order, may be disclosed in other regular - open proceedings of this Court by further Court Order or by stipulation - agreement of the attorneys. Exhibits containing protected information shall, unless consented, be redacted and marked "CONFIDENTIAL" and shall be:  a) Filed in ECF under seal; b)

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 6

Designated as an Exhibit containing confidential material subject to the Court's Protective Order; and c) A copy of the exhibit filed under seal shall be promptly served upon opposing counsel in accordance with Rule 5 (i.e., encrypted emailing to ECF registered account satisfies this requirement).

12.    This Order applies to proceedings prior to trial. Any party or interested third party may apply to this Court for protection(s) of such information and documents during dispositive pretrial motions and/or at trial.

13.    No further modification or amendment of this Protective Order is permitted except by order of the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

14.    The failure to insist upon full compliance with any of the terms of this Protective Order in any instance shall not be deemed a waiver of the right to insist upon full compliance with the Order's terms thereafter.

15.    This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or properly designated as confidential, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record produced (or withheld), other than objections based on the Privacy Act and/or the investigative - law enforcement privilege, attorney-client privilege, and/or attorney work-product doctrine.

16.    By stipulated entry of this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any Protected PII the proposed recipient of the designated *Confidential* shall be provided with a conformed copy of this Protective Order.

DATED May 1, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

Stipulated Rule 26(c) & Privacy Act Protective Order -Bench Protective Order 7